UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                                    Case No. 1-01-24227-dem

ASTON BAKER,                                                    Chapter 11

                        Debtor.
-----------------------------------------------------------x
SIMON LIANI,

                        Plaintiff,              Adv. Proc. No.: 05-1556-dem
   -against-

ASTON BAKER and SHELDON GOOD &
COMPANY AUCTIONS NORTH EAST, LLC,
as Escrow Agent,

                        Defendants.
-----------------------------------------------------------x

## DECISION ON APPLICATION TO APPROVE SETTLEMENT
## AND CROSS-MOTION SEEKING ABSTENTION

Appearances:

Avrum J. Rosen, Esq.
Attorneys for Simon Liani
38 New Street
Huntington, New York 11743

Roy J. Lester, Esq.
Lester & Weitz, P.C.
Attorneys for Aston Baker
600 Old Country Road, Suite 229
Garden City, New York 11530

Heidi J. Sorvino, Esq.
Katten Muchin Rosenman LLP
Attorneys for Sheldon Good & Company Auctions, NorthEast LLC
575 Madison Avenue
New York, New York 10022-2585

Heike Vogel, Esq.
Arent Fox PLLC
Attorneys for Sheldon Good & Company Auctions, NorthEast LLC
1675 Broadway
New York, New York 10019-5820

DENNIS E. MILTON
United States Bankruptcy Judge

Before the Court is the application of the plaintiff Simon Liani ("Liani") and one of the defendants, Sheldon Good & Company Auctions, NorthEast, LLC ("Sheldon Good"), for an order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure settling this adversary proceeding over the objection of the debtor and defendant Aston Baker (the "Application"), and the debtor's Cross-Motion for an Order of Abstention with regard to this Court's hearing of Sheldon Good's Counter Claims against the debtor (the "Abstention Application"). As set forth more fully below, the Court finds that pursuant to the holding of the Court of Appeals in In re Smart World Technologies, 423 F.3d 166 (2d Cir. 2005), the plaintiff and Sheldon Good lack standing to bring the Application, and for the reason set forth above, the Application is denied. In addition, the Court finds that abstention is neither required nor warranted in this case and denies the Abstention Application.

## JURISDICTION

This Court has jurisdiction over this core proceeding under 28 U.S.C. §§1334(b) and 157(b)(2)(c) and the Eastern District of New York standing order of reference dated August 28, 1986. This Memorandum Decision and Order constitutes the Court's findings of fact and conclusions of law to the extent required by Fed. R. Bankr. P. 7052.

## PROCEDURAL HISTORY

On November 15, 2001, Aston Baker (the "debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. On January 25, 2002, the case was converted to a case under Chapter 11 of the Bankruptcy Code. On June 20, 2005, the Court approved an Order authorizing the retention of Sheldon Good as the exclusive auctioneer to sell the debtor's four properties (the "Auctioneer Order").[1] The Auctioneer Order approved the terms and conditions set forth in the Exclusive Real Estate Auction Agreement between Sheldon Good and the debtor (the "Auctioneer Agreement").

On September 27, 2005, Sheldon Good conducted a public auction and sold the debtor's property located at 490 New York Avenue, Brooklyn, New York (the "New York Avenue Property") to Liani. In connection with the purchase and sale of the New York Avenue Property, Liani gave Sheldon Good, as escrow agent, a non-refundable deposit of $325,000.00. According to the Purchase and Sale Agreement, Liani was required to tender a subsequent deposit payment of $212,500.00. However, Liani defaulted on his obligation. On October 27, 2005, this Court noted Liani's default and instructed debtor's counsel to provide notice of the default. By letter dated October 28, 2005, debtor's counsel provided notice to Liani. In a letter, dated October 31, 2005, Liani advised the debtor that he would not tender the additional down payment based upon the debtor's misrepresentations in connection with the sale. Liani also demanded the return of his down payment in the amount of $325,000.00.

On November 29, 2005, the Court issued an Order approving the sale of the New York Avenue Property (the "New York Avenue Sale Order"). In that Order, the Court

---

[1] The debtor's real properties were located at (i) 1980 Campbell Road, Wall Township, New Jersey; (ii) 490 New York Avenue, Brooklyn, New York; (iii) 2325 Foster Avenue, Brooklyn, New York; and (iv) 135 Old Northwest Road, East Hampton, New York (the "Properties").

3

retained jurisdiction to implement and enforce the terms and provisions of the New York Avenue Sale Order, the Auctioneer Order and the Purchase and Sale Agreement for the New York Avenue Property.[2]

On December 22, 2005, Liani (the "plaintiff") commenced this adversary proceeding against Aston Baker and Sheldon Good (the "defendants"). In his complaint, the plaintiff sought a judgment (1) declaring that plaintiff was not the successful bidder of the New York Avenue Property (2) declaring the Purchase and Sale Agreement for the New York Avenue Property invalid based on the alleged misrepresentations of the defendants; and (3) directing the defendants to return the $325,000.00 down payment made in connection with the Purchase and Sale Agreement for the New York Avenue Property. On March 13, 2006, Sheldon Good filed a counter-claim against the plaintiff and a cross-claim against the debtor. On December 15, 2006, the Court issued an Order assigning the adversary proceeding to mediation. Subsequently, the parties attempted to resolve the outstanding issues with Adam L. Rosen, Esq., the agreed upon mediator. However, a consensual resolution was not reached.

On April 13, 2007, the plaintiff and the defendant Sheldon Good filed the Application pursuant to Federal Rule of Bankruptcy Procedure 9019 to settle the adversary proceeding. The proposed settlement provided that the $325,000.00 down payment be divided as follows: (i) the sum of $125,000.00 be paid to defendant Sheldon Good; (ii) theسم of $25,000.00 be paid to defendant Aston Baker; and (iii) the sum of $175,000.00 be returned to the

---

[2] The thirteenth decretal paragraph of the New York Avenue Sale Order provided in pertinent part:

"ORDERED, that the Court shall retain jurisdiction to implement and enforce the terms and provisions of the Auctioneer Order, the New York Avenue Sale Agreement and the New York Avenue Sale Order, including any disputes relating thereto or with respect to the Auction of the Properties." Order dated November 29, 2005 at 5.

plaintiff. On May 10, 2007, the debtor's counsel filed an Opposition to the Application and the Abstention Application for an Order providing that this Court would refrain from hearing Sheldon Good's Cross-Complaint.

In his Opposition, debtor contended, <u>inter</u> <u>alia</u>, (1) that the settlement was not fair and equitable because it provided that the plaintiff would receive more than fifty per cent (50%) of the amount held in escrow and (2) that the plaintiff and Sheldon Good lacked standing to pursue settlement over the debtor's objection. On May 17, 2007, counsel for Liani filed a Reply to debtor's Opposition to the application and an Objection to the Abstention Application. On that same date, counsel for Sheldon Good filed a Reply to the debtor's Opposition to the Application and an Objection to the Abstention Application. On May 21, 2007, counsel for Aston Baker filed reply papers to Liani's and Sheldon Good's May 17, 2007 submissions.

On May 24, 2007, the Court held a hearing on the Application and requested that counsel for Liani file a supplemental memorandum of law on the issue of the parties' standing to bring a Rule 9019 motion. On June 7, 2007, counsel for Liani filed a Supplemental Memorandum of Law in Support of the Application and in Opposition to the Abstention Application. On June 18, 2007, counsel for the debtor filed a Second Memorandum of Law in Opposition to the Application. The Court took the matter under advisement and reserved decision.

## DISCUSSION

### THE PROPOSED SETTLEMENT SHOULD NOT BE APPROVED

Rule 9019 of the Federal Rules of Bankruptcy Procedure provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Since a trustee is not normally appointed in a chapter 11 case, the Bankruptcy Code vests authority to settle or compromise in the hands of the debtor-in-possession. See 11 U.S.C. §§1101, 1107. The issue to be decided here is whether Sheldon Good and the plaintiff have the authority to settle this adversary proceeding over the debtor's objection.

In In re Smart World Technologies, 423 F.3d 166,174 (2d Cir. 2005), the Court of Appeals for the Second Circuit addressed this question. There, Smart World Technologies, LLC ("Smart World"), an internet service provider, filed for Chapter 11 protection to effectuate the sale of its subscriber list to Juno Online Services, Inc. ("Juno"), a competitor. The bankruptcy court approved the sale three weeks after the case was filed. Prior to closing, relations between Smart World and Juno soured because of a dispute concerning the number of qualified internet subscribers and the purchase price for the assets. Juno commenced an adversary proceeding contending that Smart World had concocted false claims in an effort to extract additional consideration for the sale transaction. For the next three years, the adversary proceeding was stalled based partly upon Juno's assurances that a settlement was imminent. The bankruptcy judge repeatedly denied Smart World's requests to proceed with the litigation and expressed the view that a settlement was in the best interests of all parties.

Juno and Smart World's creditors filed a motion pursuant to Rule 9019 to settle the adversary proceeding. Smart World objected to the settlement and challenged the standing

of its creditors to pursue a settlement over its objections. The bankruptcy court approved the settlement. The bankruptcy court found that the settlement was in the best interest of all parties and that Smart World's refusal to endorse the settlement was unreasonable in light of the risks, expense and delay that would be imposed if the case went to trial. The bankruptcy court further contended that the creditors had standing to pursue the settlement. On appeal, the district court upheld this ruling. The district court found that Section 105 of the Bankruptcy Code and the Court's derivative standing doctrine enabled the bankruptcy court to exercise its equitable powers to allow the creditors to settle Smart World's claims over Smart World's objection.

The Second Circuit vacated the judgement of the district court. The Court of Appeals found that the creditors lacked standing to bring a Rule 9019 motion. In its decision, the Court noted that Bankruptcy Rule 9019 "vests authority to settle or compromise solely in the debtor-in-possession." In re Smart World Technologies 423 F.3d at 174. The principle, the Court explained, is "hardly surprising in light of the numerous provisions in the Bankruptcy Code establishing the debtor's authority to manage the estate and its legal claims." Id.

The Court explained that there were important differences between pursuing an otherwise neglected claim and settling a claim that the debtor-in-possession was trying to pursue.

> The former usually involves a claim against the debtor's principals themselves, who refuse to litigate out of self interest. See e.g. Cybergenics, 330 F.3d at 574; STN, 779 F.2d at 902. Derivative standing in such a case may be necessary to avoid the inherent conflict of interest that exists when those with the power to pursue a claim are those who may be the target of such a claim. In the Rule 9019 context, by contrast, it is the debtor and its principals who seeks to pursue a claim on behalf of the estate, which is precisely the role of the debtor-in-possession envisioned by the Code. In such circumstances, we think it less likely that the debtor's principals will be motivated by reasons

7

> that conflict with the best interests of the estate. On the contrary, it is more likely that allowing creditors and other parties to bring Rule 9019 motions over a debtor's objection will encourage parties against whom the estate has a valid claim to delay and obstruct litigation, in the hopes that a creditor with a small interest in the estate will eventually propose a settlement disposing of the estate's valuable causes of action at a low price.

Id. at 177. The Court concluded that because derivative standing is conceptually distinguishable in the Rule 9019 context, a party who seeks to displace the debtor faces a "heav[y] burden." In re Smart World Technologies 423 F.3d at 177. This is because "other parties to a bankruptcy proceeding have interests that differ from those of the estate and are not suited to act as the estate's legal representative." Id. at 180. The Court noted that in "rare circumstances derivative standing might be appropriate in the Rule 9019 context." Ibid. The Court of Appeals found that such circumstances were not present in that case.

Counsel for Sheldon Good and Liani claimed that the "rare circumstances" contemplated in Smart World are present here to confer derivative standing upon them and thus enable them to prevail on this motion to approve a settlement over the debtor's objection. They argued that because this is a case where the post-confirmation debtor has failed to act in the best interest of the estate they are entitled to settle this adversary proceeding over the debtor's objection.

This Court disagrees. The Second Circuit in Smart World determined that creditors should not generally be allowed to settle matters over a debtor-in-possession's objection because they have no fiduciary responsibility to the estate and they will make decisions based on self-interest. Here, the plaintiff and Sheldon Good have presented a settlement whereby the plaintiff would receive $175,000.00 of his $325,000.00 non-refundable down

8

payment. While the Court recognizes that there are risks and costs associated with litigation and that the debtor could very well receive more under this settlement than he would receive in continuing the litigation to its conclusion, the Court does not find that the debtor's objection is unreasonable. Nor does the Court find that the debtor's past conduct warrants that his objection be overruled. The debtor is fortunate that increases in real estate values resulted in real property sales which have yielded a surplus to the debtor's estate. The debtor's conduct, while arguably not in the best interest of the debtor's estate, nonetheless has to date not resulted in any loss to his creditors, who have been, or shall be, paid in full.

In any event, settling this matter over the debtor's objection, would be in direct conflict with both the holding and the policy enunciated in Smart World and may allow a settlement of an adversary proceeding that is not in the best interest of the debtor's estate. The Court finds that pursuant to the holding of the Court of Appeals in In re Smart World Technologies, 423 F.3d 166 (2d Cir. 2005), the plaintiff and Sheldon Good lack standing to bring the Application, and for the reasons set forth above, the Application to approve the proposed settlement is denied.[3]

## THE CROSS MOTION FOR ABSTENTION SHOULD BE DENIED

The debtor has filed the Abstention Application, denominated as a Cross-Motion seeking as its relief an Order from this Court that it shall refrain from hearing Sheldon Good's Counter Claims against the debtor. In the Counter Claims, Sheldon Good seeks a judgment

---

[3] The Court has found no reported cases after the Smart World case in which a court has conferred derivative standing on a creditor to allow that party to enter into a stipulation without the debtor's consent. See In re Adelphia Communications Corp., 2007 WL 1468514,*5 (S.D.N.Y. May 17,2007); In re Adelphia Communications Corp., 2007 WL 866643*80-81 (Bankr. S.D.N.Y. January 3, 2007); Official Committee of Unsecured Creditors of WorldCom, Inc., 467 F.3d 73, 80 (2d Cir. 2006).

entitling Sheldon Good to payment of one half of Liani's earnest money deposit and thereafter directing payment to Sheldon Good of that portion of Liani's earnest money deposit and attorneys fees, pursuant to the terms of the Auctioneer Agreement.

In the Abstention Application, counsel for the debtor argued that either mandatory or permissive abstention was warranted because the Auctioneer Agreement reserved jurisdiction on any matter pertaining to it to the courts of the State of New York. The plaintiff and Sheldon Good opposed this cross-motion on the ground, inter alia, that the provisions of the New York Avenue Sale Order specifically reserved jurisdiction for this Court to implement, enforce and address any disputes regarding the auction of the property in question.

The Abstention Application must be denied for several reasons. First, as set forth above and in a prior decision of this Court, the New York Avenue Sale Order expressly reserved jurisdiction for this Court to implement and enforce the terms of the Auctioneer Order. In addition, for the reasons which follow, neither permissive nor mandatory abstention is warranted in this case.

Title 28, U.S. Code, §§ 1334(c)(1) & (c)(2) provide federal courts with authority to refrain from hearing particular disputes, when those disputes involve state law claims or actions. There are two types of statutory abstention applicable in bankruptcy. The first is permissive or discretionary abstention. ( 28 U.S.C. § 1334(c)(1)). The second is mandatory abstention. (28 U.S.C. § 1334(c)(2)). Title 28, U.S. Code, § 1334(c)(1) provides in pertinent part that:

> [N]othing in this section prevents a district court in the interest
> of justice, or in the interest of comity with State courts or
> respect for State law, from abstaining from hearing a particular
> proceeding arising under title 11 or arising in or related to

a case under title 11.

28 U.S.C. § 1334 (c)(1). Permissive abstention is possible in a core or non-core proceeding. Courts generally look at well-developed notions of judicial abstention, including those from outside the bankruptcy context, when analyzing §1334(c)(1), In re Pan American Corporation, 950 F.2d 839, 846 (2d Cir. 1991), and generally consider some or all of the following twelve factors:

> (1) the effect, or lack thereof, of abstention on the efficient administration of the debtor's estate;
> (2) the extent to which state law issues predominate over bankruptcy issues;
> (3) the difficulty or unsettled nature of the applicable state law;
> (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court;
> (5) the jurisdictional basis, if any, other than 28 U.S.C. Section 1334;
> (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;
> (7) the substance rather than the form of an asserted "core" proceeding;
> (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgment to be entered into state court with enforcement left to the bankruptcy court;
> (9) the burden on the court's docket of hearing nonbankrupcty issues;
> (10) the likelihood that the commencement of the proceeding involves forum shopping by one of the parties;
> (11) the existence of a right to a jury trial; and
> (12) the presence in the proceeding of non-debtor parties.

In re Cody, 281 B.R. 182, 190-91 (S.D.N.Y. 2002); In re WorldCom Inc. Securities Litigation, 293 B.R. 308, 332 (S.D.N.Y. 2003).

Consideration of these factors, to the extent they are present here, also compels the determination that abstention was not warranted. This is a complicated case which has been pending in this Court for more than six years and with which this Court is very familiar. Abstention here would have had the effect of substantially delaying the administration of the

debtor's estate in the bankruptcy court. In addition, no state court case has been commenced and state law issues do not predominate over bankruptcy issues. The principal issue before this Court in Sheldon Good's Counter Claims involves the implementation and enforcement of the Auctioneer Agreement, for which this Court has expressly reserved jurisdiction. None of the other factors are present to any degree, let alone one sufficient to conclude that abstention would be appropriate, or even desirable, at the relatively late, post-confirmation stage of this case.

Title 28, United States Code, Section 1334(c)(2) governs mandatory abstention and provides in pertinent part:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334 (c)(2). As counsel for Sheldon Good has noted, counsel for the debtor, while citing the statutory grounds for mandatory abstention, has failed to establish that the debtor meets its criteria, insofar as the debtor has not commenced a proceeding in state court against Sheldon Good**.** In addition, this Court can adjudicate the issues raised in this proceeding, including those in Sheldon Good's cross complaint, in a more timely manner than a proceeding not yet commenced in a State Court. Accordingly, mandatory abstention is not warranted.

## CONCLUSION

The Court finds that pursuant to the holding of the Court of Appeals in In re Smart World Technologies, 423 F.3d 166 (2d Cir. 2005), the plaintiff and Sheldon Good lack standing to bring the Application, and for the reason set forth above, the Application to approve the proposed settlement is denied. In addition, the Court finds that abstention is neither required nor warranted in this case and denies the debtor's Abstention Application.

IT IS SO ORDERED.

Dated: Brooklyn, New York
       August 16, 2007

                                            s/Dennis E. Milton
                                        DENNIS E. MILTON
                                        United States Bankruptcy Judge